**Explanatory Comment**

Currently, the Rules of Civil Procedure do not expressly permit an amendment correcting the name of a party against whom a claim is asserted to relate back without a showing of concealment when the statute of limitations has expired and the effect of that correction operates to add another party. However, case law has interpreted the Rules to permit such an amendment within the statute of limitations. Rule 1033 has been amended to expressly permit amendments correcting the name of the party against whom a claim is asserted to relate back to the date of the commencement of the action if within ninety days after the period provided by law for commencing the action, the party to be brought in by the amendment has received notice of the commencement of the action such that it will not be prejudiced in obtaining a defense on the merits, and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Consider the following example: Harry Roberts, who resides at 949 Alcoma Street, Pittsburgh, PA, was the driver of an automobile which struck the plaintiff when he was crossing the intersection at Grant and Forbes Street, Pittsburgh, PA, at approximately 11:00 a.m. on October 11, 2013. The plaintiff's complaint, filed on October 2, 2015, mistakenly identifies the driver as Henry Rosen. He is the only named defendant in the complaint.

On October 7, 2015, the Sheriff made service by serving Mary Roberts at 949 Alcoma Street, Pittsburgh, PA. She is described in the Sheriff's Return as the wife of the defendant. On January 2, 2016, the complaint is amended to correct "Henry Rosen" to "Harry Roberts."

The amendment of Rule 1033 expressly permits the plaintiff to amend the complaint to correct the name of the defendant to Harry Roberts, because it is clear from the body of the complaint that the plaintiff was suing the driver of the automobile

which struck the plaintiff and service of the complaint furnished sufficient notice to Harry Roberts that a lawsuit has been initiated against him for actions he is liable for even though the defendant is identified on the complaint as Henry Rosen.  This is consistent with existing case law and codifies current practice.

The Federal Rules of Civil Procedure and a majority of states have rules of procedure governing the relation back of amendments, which are similar to this amendment.  The interests of justice are served by a rule of civil procedure permitting a party to correct a complaint that provides an incorrect name of a party when there is no prejudice to the party brought in by the amendment.

The amendment of Rule 1033 does not alter the concealment doctrine and the discovery rule.  The amendment is intended to cover situations in which neither the concealment doctrine nor the discovery rule apply.

By the Civil Procedural
Rules Committee

William S. Stickman IV
Chair